# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKEY NELSON SWIFT,**
       **Plaintiff,**

    v.                                             Case No. 08-C-0592

**STATE OF WISCONSIN, MILWAUKEE COUNTY,
ATTORNEY MICHAEL L. CHERNIN, and
DISTRICT ATTORNEY ERIN DINEEN,**
       **Defendants,**

## ORDER

Plaintiff, Rickey Nelson Swift, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on plaintiff's petition to proceed in forma pauperis and for screening of plaintiff's complaint.

### I. PETITION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $41.26. 28 U.S.C. § 1915(b)(1). I will grant plaintiff's motion for leave to proceed in forma pauperis.

## II. SCREENING OF PLAINTIFF'S COMPLAINT

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

2

Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to plaintiff's complaint, he was arrested on September 7, 2005, during the execution of what he characterizes as an "illegal no-knock search warrant."[1] He asserts that he was not provided with the required probable cause hearing within forty-eight hours of his arrest.

Plaintiff asserts that defendants violated his constitutional rights under the Fourth, Fifth and Fourteenth Amendments. He contends he has suffered mental and emotional

---

[1] I note that the plaintiff previously filed a separate suit, Swift v. Davila, et al., Eastern District of Wisconsin, Case No. 06-1182, also pending before me, in which he raises claims arising from his September 7, 2005 arrest and the search of his home on that date.

distress, mental anguish and irreparable harm. He seeks compensatory and punitive damages, as well as unspecified preliminary and permanent injunctive relief.

Before screening the substance of plaintiff's proposed claims, I will address the parties plaintiff has named as defendants. Plaintiff has named both the State of Wisconsin and Milwaukee County as defendants. The State of Wisconsin is not a proper defendant in this § 1983 action because it is not a "person" for purposes of § 1983. See Lapides v. Bd. of Regents, 535 U.S. 613, 617-18 (2002); Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

A county may be sued under § 1983. However, in order to prevail against a county, a plaintiff must demonstrate that he suffered a deprivation of his constitutional rights based on some official policy, widespread custom, or deliberate act of a county decision maker of the municipality or department. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff does not suggest in his complaint that Milwaukee County has a policy of depriving defendants of probable cause hearings within forty-eight hours of their arrests. He therefore fails to state a claim against Milwaukee County.

Plaintiff also names Assistant District Attorney Erin Dineen as a defendant. He asserts that she unreasonably delayed the criminal proceeding against plaintiff because she did not obtain a probable cause determination within forty-eight hours of plaintiff's arrest. Prosecutors, however, enjoy absolute immunity from civil suits (including § 1983 actions) if their actions were taken in the scope of initiating and presenting the government's case. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Prosecutors are given immunity in order to protect the judicial process; courts have

4

recognized that prosecutors may lose their independence if they fear civil lawsuits stemming from criminal prosecutions.  Burns v. Reed, 500 U.S. 478, 492 (1991); Malley v. Briggs, 475 U.S. 335, 343 (1986).   A probable cause hearing is part of the initiation and presentation of a criminal case on behalf of the government.  Thus, Attorney Dineen is immune from plaintiff's claims for damages.  Moreover, plaintiff is no longer being detained by virtue of the warrantless arrest, nor is there any reason to suspect that he will in the future be detained for longer than forty-eight hours pursuant to a warrantless arrest without a probable cause determination; thus, plaintiff's complaint does not suggest any basis for injunctive relief.  See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).

Finally, plaintiff names his criminal defense attorney, Michael Chernin, as a defendant.  Plaintiff asserts that Attorney Chernin was aware of the fact that plaintiff did not receive a probable cause determination within forty-eight hours of his arrest, but Attorney Chernin did not "stop the violation."  Plaintiff alleges that Attorney Chernin's failure to object to the lack of a probable cause hearing within forty-eight hours of plaintiff's arrest constitutes ineffective assistance of counsel.  It is not clear from plaintiff's complaint whether Attorney Chernin was a public defender.  Nevertheless, the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk County v. Dodson, 454 U.S. 312, 325 (1981). Whether Attorney Chernin was a private attorney or a public defender representing plaintiff in a criminal proceeding, he was not acting under the color of law and cannot be held liable under § 1983.  See Gomez, 446 U.S. at 640.

For the above reasons, I must dismiss plaintiff's complaint for failure to state a claim upon which I may grant relief.  However, I will give plaintiff leave to file an amended

5

complaint, which I will also screen in accordance with 28 U.S.C. § 1915A, to afford him the opportunity to name other defendants who may have been responsible for the alleged conduct.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #5) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file an Amended Complaint within thirty (30) days of the date of this order.

Dated at Milwaukee, Wisconsin, this 14 day of January, 2009.

/s_____
LYNN ADELMAN
District Judge